UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN P. CARWAY,

                Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

                Defendant.

06 Civ. 13090 (RO)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/11

**ORDER**

OWEN, District Judge:

    John P. Carway brings this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") finding that Plaintiff was not entitled, under the Social Security Act (the "Act"), to disability insurance benefits. For the reasons that follow, this Court concurs with the Report and Recommendation of Magistrate Judge Lisa Margaret Smith (the "Report"). Accordingly, the Commissioner's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is hereby granted, and Plaintiff's cross-motion is hereby denied.

**BACKGROUND**

    The factual and procedural background of this action is provided in the Report and will not be repeated in detail here. Plaintiff applied for disability insurance benefits in August, 2005, alleging disability since April 30, 2004. After his application for benefits was denied, Plaintiff

1

requested a hearing before an Administrative Law Judge ("ALJ"), which took place on July 20, 2005.

The ALJ issued a decision finding that Plaintiff was not entitled to disability insurance benefits because he was not disabled within the meaning of the Act. Plaintiff requested a review of the ALJ's decision with the Appeals Council. The request was denied, and the ALJ's decision became the final decision of the Commissioner.

Plaintiff filed this action on November 9, 2006, alleging that the ALJ erred in denying him disability benefits. (Docket Entry No. 1.) The Commissioner filed an Answer on March 13, 2007, (Docket Entry No. 5) and thereafter filed a motion for judgment on the pleadings on July 19, 2007. (Docket Entry No. 8-9.)

Plaintiff then cross-moved for judgment on the pleadings on August 20, 2007, on the following grounds: 1) the ALJ incorrectly relied on the Medical-Vocational Guidelines; 2) the ALJ incorrectly discounted Plaintiff's subjective complaints of pain; 3) the ALJ failed to provide a "function-by-function" analysis in determining Plaintiff's residual functional capacity; and 4) the ALJ violated the treating physical rule and failed develop the administrative record adequately. (Docket Entry Nos. 10-11.)

On August 17, 2010, Judge Smith filed a Report and Recommendation in which she recommended granting the Commissioner's motion and denying Plaintiff's cross-motion. (Docket Entry No. 13.) Plaintiff filed objections to the Report on September 1, 2010. (Docket Entry No. 15) The Commissioner filed a Response to Plaintiff's objections on October 5, 2010. (Docket Entry No. 17.)

**STANDARD OF REVIEW**

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. District courts review those orders under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A). In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1); *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). A district court judge, in making a *de novo* determination, is afforded discretion in the weight placed on proposed findings and recommendations. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). In its sound discretion, a district court may afford a degree of deference to the Report and Recommendation. Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error.

## DISCUSSION

While the Commissioner argues that the ALJ's decision was supported by substantial evidence, Plaintiff disagrees on the following four bases: 1) the ALJ's exclusive reliance on the grids despite Plaintiff's significant nonexertional impairments was improper; 2) the ALJ did not properly assess Plaintiff's credibility and subjective complaints of pain; 3) the ALJ failed to provide a "function-by-function" analysis in determining Plaintiff's residual functional capacity; and 4) the ALJ applied incorrect legal standards when analyzing the medical opinion evidence of record, and failed to develop the record concerning Plaintiff's nonexertional impairments.

The Report and Recommendation identifies the two-level scope of review that courts must follow in reviewing an appeal from a social security determination. As the Report explains, courts first determine whether the correct legal standard was applied in making a determination that the plaintiff was not disabled, and only then do they analyze whether the decision is supported by substantial evidence. The Report explains that it is not the role of reviewing courts to make *de novo* decisions on disability determinations nor to substitute its own judgment, but rather to consider the record as a whole in assessing whether the Commissioner's conclusion is supported by enough "relevant evidence as a reasonable mind might accept as adequate" to support that conclusion. *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). As explained thoroughly in the Report, Judge Smith found that the ALJ appropriately applied the five-step process that the Commissioner must follow, under 20 C.F.R. § 404.1520(a)(4), in evaluating a disability claim.

## Reliance on the Grid by the ALJ

The Report finds that there is substantial evidence to support the ALJ's finding regarding Plaintiff's residual functional capacity to perform sedentary work, and as such that the ALJ did not err in relying on the grids. The Report explains that a vocational expert must be relied upon only when the nonexertional impairments limit work capacity significantly, beyond that caused by exertional impairments. The record does not indicate nonexertional limitations or restrictions, and plaintiff fails to cite to any nonexertional work demands that he cannot perform because of his nonexertional impairments, other than Dr. Appel, who stated that although Plaintiff had difficulty bending on a repetitive basis, that he could perform sedentary work.

Plaintiff's objections to the Report on this issue, claiming that the ALJ's analysis was improper and inadequate because, among other things, it introduces no intermediate analysis, is insufficient to overcome the Report's finding that the ALJ's decision on this matter was supported by substantial evidence.

## The ALJ's Determination of Credibility and Subjective Complaints of Pain

The Report rightly states that credibility findings, in this case in which the ALJ determined that Plaintiff's allegations of pain and subsequent limitations were not entirely credible, are entitled to deference by a reviewing court. Plaintiff counters that the ALJ failed to follow the guidelines of 20 C.F.R. § 404.1529 and SSR 96-7p in assessing the Plaintiff's credibility, and that there is insufficient evidence to support the conclusion in the Report that the ALJ carefully considered Plaintiff's subjective complaints of pain. Plaintiff asserts that looking at the totality of the evidence, including Plaintiff's work history, leads to a different conclusion than that made by the ALJ. The Commissioner counters that the ALJ is uniquely situated to

assess witness credibility, and that a reviewing court should not upset the ALJ's findings where there is sufficient evidence to support them.

The Court finds no reason to upset Magistrate Judge Smith's findings regarding the ALJ's credibility determination. To the extent Petitioner claims that the ALJ erred in allegedly failing to account for Plaintiff's work history, the Report aptly explains that work history is only one factor to be considered in the totality of the evidence analysis, cited by the Plaintiff.

### The ALJ's "Function-by-Function" Analysis

The Report finds that the ALJ's decision appropriately explained how the evidence supported his residual functional capacity determination, despite the fact that the ALJ did not address every function individually. Plaintiff's objects to the Report, arguing that under SSR 96-8p, the ALJ's descriptions were inadequate. As stated in the Report, courts within the Southern District of New York have reached different conclusions as to the necessity of a function-by-function analysis, and other circuits have held that the ALJ is not required to discuss each function explicitly. See *Novak v. Astrue*, No. 07 Civ. 8435, 2008 WL 2882638, at *3 (S.D.N.Y. July 25, 2008) (stating that the ALJ must avoid "perfunctory determinations" and must consider all the claimant's functional limitations, but although the ALJ must describe how conclusions are supported by the evidence, her or she "need not provide a narrative discussion for each function.") Although the ALJ does not address every function individually, the Report finds that the ALJ's decision "sufficiently explained how the evidence supported his residual functional capacity determination."

### The ALJ's Treatment of Medical Opinion Evidence of Record

The Report finds that Plaintiff has failed to demonstrate that the ALJ erred in applying standards to the medical opinion evidence of record. Plaintiff argues that the ALJ erred in failing to assign weight to the opinions of Plaintiff's physical therapist and his treating physicians. As stated in the Report, these arguments are without merit. The ALJ reviewed the physical therapist's records and decided to not assign the opinions therein significant weight, because a therapist is not an "accepted medical source" under 20 C.F.R. § 404.1513 and because the ALJ found that the evidence did not support some of the findings. Plaintiff, in its objections to the Report, agrees that the physical therapist is not an accepted medical source under the regulations, but argues that the opinion should have been considered under SSR 06-3p. Plaintiff fails to adequately explain why that opinion should have been considered, however, beyond stating that the opinion will have some probative value in light of the facts of the case.

Plaintiff's claim that the ALJ improperly did not assign any weight to other treating physicians, Dr. Tsairis specifically, is incorrect. The ALJ referred to an exhibit which included Dr. Tsairis' report, and the ALJ need not accept the determination made by Dr. Tsairis that Plaintiff was "disabled" because that ultimate conclusion is to be made by the Commissioner. Furthermore, as stated in the Report, the ALJ's failure to specifically explain the weight given to Dr. Tsairis is harmless error because those reports are consistent with the opinions of the other treating physicians.

Finally, Plaintiff's claim that the record is deficient, or could have otherwise been developed, is without merit because Plaintiff fails to identify how the record is deficient or how it could have been developed further.

## CONCLUSION

For the reasons above, this Court concurs with Magistrate Judge Smith's Report and Recommendation, and hereby adopts it, in its entirety. The Commissioner's motion for judgment on the pleadings is hereby GRANTED, and Plaintiff's cross-motion is hereby DENIED.

SO ORDERED.

March 15, 2011

_____
RICHARD OWEN
UNITED STATES DISTRICT JUDGE